IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BERNABE CANDELARIA, | ) |
| | ) |
| Petitioner, | ) Case No. 2:05-CV-101 TS |
| | ) |
| v. | ) District Judge Ted Stewart |
| | ) |
| STATE OF UTAH, | ) **MEMORANDUM DECISION** |
| | ) |
| Respondent. | ) Magistrate Judge Samuel Alba |

On March 11, 2008, this Court ordered Petitioner to within thirty days show cause why his habeas petition should not be dismissed because he filed it past the one-year period of limitation.[1] Petitioner effectively responds that equitable tolling excuses his tardiness. Specifically, he argues that (1) he has "been in a steady pursuit of justice in good faith while attempting to exhaust all . . . avenues before filing [his] next petition," outlining the timing of his appeals and post-conviction proceedings; (2) the merits of his claims outweigh the policy considerations underlying the application of the period of limitation; and (3) he feared that this Court would rule against him if he filed this federal habeas petition before the United States Supreme Court ruled on his petition for certiorari review of his state post-conviction proceedings.

"[E]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary

---

[1]See 28 U.S.C.S. § 2244(d) (2008).

circumstances' beyond a prisoner's control make it impossible to file a petition on time."[2] Those circumstances include times "when a prisoner is actually innocent" or "when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[3] And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[4]

With these general principles in mind, the Court considers Petitioner's particular arguments. First, the Court is aware of the history of Petitioner's proceedings, having detailed that history in its Order to Show Cause. Petitioner has provided no further information that changes the Court's analysis on the running of the period of limitation.

Second, Petitioner's cursory assertion that his claims' validity trump operation of the period of limitation does not help his cause. Perhaps this is a suggestion of actual innocence. Even so, it does not meet the Petitioner's burden of "establish[ing] that '"it is more likely than not that no reasonable juror would have convicted him in light of . . . new

---

[2] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[3] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

[4] *Lovato v. Suthers*, No. 02-1132, 2002 WL 1500844, at *2 (10th Cir. July 15, 2002) (unpublished opinion).

2

evidence."'"[5]  Because Petitioner offers no new evidence, the Court denies his possible claim of actual innocence.

Finally, the Court rejects Petitioner's concern that it may have dismissed his case as premature if he had filed this federal habeas petition before the United States Supreme Court ruled on his petition for certiorari review of his state post-conviction proceedings.  Under settled Tenth Circuit precedent explicitly in effect since 1999--before Petitioner was even convicted of the crimes here--a petition for writ of certiorari to the United States Supreme Court as to a state post-conviction proceeding has not tolled the running of the period of limitation.[6]  Thus, the onus was clearly on Petitioner to file this habeas petition even as his petition for writ of certiorari awaited the Supreme Court's action.  And, it is worth pointing out to Petitioner that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[7]

In sum, while the federal period of limitation was running, Petitioner apparently took no steps himself to "diligently pursue

---

[5]*Gonzales v. Beck*, No. 04-6258, 2004 U.S. App. LEXIS 25635, at *7-8 (10th Cir. Dec. 13, 2004) (quoting *Phillips v. Ferguson*, 182 F. 3d 769, 774 (10th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

[6]*See Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999). The holding in *Rhine* has since been adopted by the United States Supreme Court in *Lawrence v Florida*, 127 S. Ct. 1079 (2007).

[7]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

his federal claims."[8] Petitioner's restatement of his litigation's history and the efficacy of his claims does nothing to further his argument that the Court should disregard the period of limitation's expiration. The kernel of the Court's analysis regarding equitable tolling is not whether Petitioner urgently believes he is right, but--to reiterate--whether Petitioner personally did everything he could to ensure this federal petition was timely filed. His response shows no signs of this sort of self-directed tenacity.

In sum, Petitioner's response to the Court's order to show cause suggests no extraordinary circumstance explaining his failure to diligently pursue his federal habeas claims, nor does it establish actual innocence. IT IS THEREFORE ORDERED that Petitioner's petition is denied as untimely.[9]

DATED this 12th day of May, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8]*Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[9]*See* 28 U.S.C.S. § 2244(d) (2008).